UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

TALAT MAHMOOD, et al.,

Plaintiffs,

v.

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

Defendant.

_____/

Civil Action No.
10-12723

Hon. Bernard A. Friedman

## ORDER GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE

**I.      Introduction**

Before the Court is Defendant's Motion for Change of Venue pursuant to 28 U.S.C. §
1404(a).  Defendant seeks an Order transferring this action to the United States District Court for
the Eastern District of New York.  Plaintiffs filed a response, and Defendant filed a reply.
Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide this motion without oral argument.

**II.      Background**

Plaintiffs initially filed this breach of contract action in Wayne County Circuit Court
claiming that Defendant breached the title insurance policy ("the Policy") issued by Defendant to
Plaintiffs.  Defendant removed this case based on diversity jurisdiction, and then moved for a
change of venue pursuant to 28 U.S.C. § 1404(a).

Plaintiffs closed on the purchase of a condominium in Queens, New York in February,
2009.  The purchase price was $385,000, and Plaintiffs contend that they spent their life savings
to purchase the condo.  Plaintiffs did not attend the New York closing, but were represented by
Defendant title insurance company through Defendant's agent, Legacy Abstract Company

("Legacy"). Plaintiffs contend that since the closing, Plaintiffs have not received title to the condo, documents from the closing, or a copy of the Policy. They further contend that no warranty deed or mortgage have been recorded. Following the closing, the owner of Legacy was indicted for real estate fraud in New York.

Plaintiffs took out a purchase money mortgage for a portion of the purchase price through the Ann Arbor, Michigan branch of Bank of America. Before the New York closing, there was a closing in Ann Arbor (the "Ann Arbor closing"). Bank of America in Ann Arbor then wired the mortgage proceeds to the New York closing. Plaintiff states that because Bank of America never received a recorded copy of the mortgage from the Register of Deeds in New York, Plaintiff paid off the entire mortgage balance to Bank of America. Plaintiff does not explain whether a demand was made for such payoff, or how such payoff came about. Regardless, Bank of America is not a party to this action.

Defendant points out that as one of Plaintiff's concerns is that Legacy either lost or failed to record the Warranty Deed evidencing title to the Property in the Plaintiffs, the relief sought by Plaintiffs might require the preparation and recording of a deed in accordance with New York law. Similarly, the "Breach of Contract" claim against Commonwealth, which is the only count in the Complaint, would be determined under New York law, as that is the situs of the transaction and the ensuing alleged contract between Plaintiffs and Commonwealth. Further, Legacy and Commonwealth's representatives reside in New York, and Commonwealth contends that it will need to file a third-party complaint against Legacy based upon the allegations in the Complaint, which would be governed by New York law.

III.     Analysis

The change of venue statute, 28 U.S.C. § 1404(a), permits a district court to transfer

venue to another district or division where the case might have been brought when the transfer is

for the convenience of parties and witnesses, and in the interest of justice. "As a general rule,

unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should not

be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946). "[A] plaintiff's choice of

forum will be given substantial deference." Audi AG & Volkswagen of America v. D'Amato,

341 F.Supp.2d 734, 749-50 (E.D.Mich.2004). "[T]he burden is on the defendant to make a strong

showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Van Dusen v.

Barrack, 376 U.S. 612, 616 (1964).

In order to establish whether the forum is sufficiently convenient and in the interest of

justice, courts balance private and public interest factors in making the determination. Private

interests to be considered include: (1) the convenience of the parties; (2) the convenience of

witnesses; (3) the relative use of access to sources of proof; (4) the availability of process to

compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the

practical problems indicating where the case can be tried more expeditiously and inexpensively;

and (7) the interest of justice. Steelcase, Inc. v. Mar-Mol Co., Inc., 210 F.Supp.2d 920, 938

(W.D.Mich.2002).

The court also considers public interest factors, including: (i) the enforceability of a

judgment; (ii) practical considerations, effecting trial management; (iii) docket congestion; (iv)

the local interest in deciding local controversies at home; (v) the public policies of the forum

state; and (vi) the familiarity of the trial judge with the applicable state law. Jumara v. State

Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir.1995).

Here, with the availability of efficient and advanced technology, many of the private

factors no longer carry significant weight. Depositions can be conducted by video conference and documents can be scanned and emailed for discovery and trial. However, private factors 4 - 6, argue in favor of transfer. As Commonwealth and Legacy's material employees are located in New York, the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; and the practical problems indicating where the case can be tried more expeditiously and inexpensively weigh heavily in favor of a New York venue.

In addition, the public factors to be considered weigh in favor of New York venue. Issues such as the enforceability of a judgment; the local interest in deciding local controversies at home; the public policies of the forum state; and the familiarity of the trial judge with the applicable state law all lean in favor of a New York venue. If Judgment is entered in favor of Plaintiffs, enforcement of such judgment, including the recording a warranty deed and the proper handling of any breach of the title insurance policy will be an issue of New York state law and policies.

Finally, the Court notes that Plaintiffs purposefully, willingly and knowingly purchased property located in the state of New York. Arguably, then, Plaintiffs willingly subjected themselves to availability in New York courts, regardless of whatever financial or travel inconveniences they might be forced to endure. There is not any evidence that Defendant sought out the Michigan Plaintiffs as clients, or that Defendant acknowledged in any way that any future disputes would subject it to potential lawsuits in the State of Michigan. For these reasons, the Court finds that transfer of venue to the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a), is appropriate.


**IV.    Order**

Accordingly,

IT IS ORDERED that Defendant's Motion for Change of Venue pursuant to 28 U.S.C. §

1404(a) to the Eastern District of New York is GRANTED.


                                        S/Bernard A. Friedman_____
Date:   October 5, 2010                 BERNARD A. FRIEDMAN
                                        UNITED STATES DISTRICT JUDGE